**Servando Rodriguez RINCON; Francisca Rodriguez Suarez, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70916.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Servando Rodriques Rincon, Los Angeles, CA, pro se.

Francisca Rodriguez Suarez, Los Angeles, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Papu Sandhu, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW and CLIFTON, Circuit Judges.

## MEMORANDUM **

Servando Rodriguez Rincon, and his wife Francisca Rodriguez Suarez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen removal proceedings to apply for relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Celis–Castellano v. Ashcroft,* 298 F.3d 888, 890 (9th Cir.2002), and de novo due process violations, *Hartooni v. INS,* 21 F.3d 336, 339 (9th Cir.1994). We deny the petition for review.

The BIA did not abuse its discretion in denying Petitioners' motion to reopen for CAT relief because they did not demonstrate that it is more likely than not that they would be tortured upon return to Mexico. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003); *Cano–Merida v. INS,*

311 F.3d 960, 965–966 (9th Cir.2002) (a motion to reopen may only be granted where the alien can establish prima facie eligibility for the requested relief).

Petitioners' contention that their due process rights were violated because the BIA failed to adequately consider their prima facie eligibility for CAT relief lacks merit because the BIA clearly articulated reasons for its decision denying relief. *See Arrozal v. INS,* 159 F.3d 429, 432 (9th Cir.1998) (BIA must state reasons and show proper consideration of all factors when weighing equities and denying relief).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

